UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

ANN BURTON,

        Plaintiff,

    - against -

OFFICE OF PERSONNEL MANAGMENT,

        Defendant.
───────────────────────────────X

MEMORANDUM
AND ORDER
21-CV-5323 (LDH)(LB)

BRIAN M. COGAN, United States District Judge:

    Plaintiff Ann Burton filed this *pro se* action against a federal agency, the Office of Personnel Management ("OPM"). Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 but, for the reasons set forth below, the action is dismissed in its entirety.

**Background**

    Plaintiff files this action to have OPM reconcile her pension account and disperse pension funds to her. She states that she seeks "accountability of calculations since 2010," specifically mentioning an undated $24,000 redeposit to OPM. She alleges that OPM has failed to comply with record-keeping, pension calculations, and disbursements laws and that there has been "fraudulent activity involving said pension."

    She further alleges that OPM's dereliction is among the many reprisals she has experienced for her unspecified whistle-blowing activity. She adds that reprisals have included "being kidnapped, hypo-programmed sex slave, raped, sodomized daily . . . torture, extermination, starvation person." She states that she has forwarded "documentary evidence" of these reprisals to, among others, "OPM Directors, Hon. Nancy Pelosi . . . Donald Trump,

1

William Barr, [and] FBI Director." Plaintiff seeks a "restraining order" and "to move defendants to comply with pension disbursements law."

### Plaintiff's Litigation History

Plaintiff is no stranger to this Court. In 2010-2011, she filed thirteen actions against her former employers, her union, an employment agency, and individuals associated with these defendants. *Burton v. Shinseki*, No. 10-cv-5318; *Burton v. American Federation of Government Employees et al.*, No. 11-cv-1416; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-1417; *Burton v. White Glove Placement, Inc. et al.*, No. 11-cv-1649; *Burton v. Shinseki et al.*, No. 11-cv-2030; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-2757; *Burton v. New York Police Department et al.,* No. 11-cv-4071; *Burton v. White Glove Placement, Inc. et al.,* No. 11-cv-4072; *Burton v. United Stated Equal Employment Opportunity Commission et al.,* No. 11-cv-4074*; Burton v. State Education Dept. et al.,* No. 11-cv-4218*; Burton v. N.Y.S. Department of Labor et al.,* No. 11-cv-4274*; Burton v. City of New York et al.,* No. 11-cv-5345*; Burton v. Civil Court of the City of New York et al.,* No. 11-cv-5606. Although the actions principally alleged employment discrimination, they also alleged that various individuals have entered her apartment, removed, and then returned, documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed.

### Standard of Review

A district court shall dismiss an in forma pauperis action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

2

1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434,437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In performing the review required under § 1915(e)(2)(B), this Court is mindful that "[ a] document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers .... " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276,280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

**Discussion**

Because plaintiff asks this Court to direct a federal agency to provide an accounting and disbursement of her pension, the Court liberally construes the action as a petition for a writ of mandamus directing OPM to perform its duties as the only possible basis for this Court's jurisdiction.[1] Nothing in plaintiff's submission suggests that plaintiff has filed an administrative

---

[1] Had plaintiff sought damages, her claim against OPM would be precluded by the doctrine of sovereign immunity. "Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent." *Robinson v. Overseas Military Sales Corp.*, 21

3

claim with the OPM. Without the exhaustion of administrative remedies or a showing that exhaustion is not required or futile, the Court declines to wade into the dispute. *See, e.g., Perdeaux v. United States,* 33 F. Supp. 2d 187, 189 (E.D.N.Y. 1999) (dismissing action by employees who filed a petition with the OPM but did not present their grievance to the Office of the Special Counsel before filing an action in mandamus in federal court); 5 C.F.R. §§ 831.109(a), (d), 841.306(a), (c) (Generally, any individual whose rights or interests are affected by an initial decision of the Office of Personnel Management (OPM) under the Civil Service Retirement System (CSRS) or the Federal Employees' Retirement System (FERS) may seek reconsideration by filing a written request therefor."); *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 511 (2d Cir. 2002) (Under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), "claimants must pursue all administrative remedies provided by their plan pursuant to statute ... in the event benefits are denied.).

Moreover, some of plaintiff's allegations are "wholly incredible." *See Denton v. Hernandez*, 504 U.S. at 33. The allegations that her whistleblowing activities have resulted in a list of criminal "reprisals" appear particularly irrational. Second, even assuming that plaintiff had been the victim of such reprisals, the complaint does not allege any facts to suggest that OPM was in any way involved in such actions. Upon review of this action, this Court has determined that it must be dismissed as frivolous. *Livingston v. Adirondack Beverage Co.,* 141 F.3d at 437.

---

F.3d 502,510 (2d Cir. 1994). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Id.* "The doctrine of sovereign immunity is jurisdictional in nature, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

CONCLUSION

Accordingly, the complaint is dismissed as frivolous. 28 U.S.C. § 1915 (e)(2)(B)(i). The Court has considered affording plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so given plaintiff's litigation history and viewing such an opportunity as futile. A review of the complaint does not suggest that Burton has inadequately or inartfully pleaded any potentially viable claims.

In addition, because of plaintiff's litigation history, plaintiff is cautioned that any further frivolous filings may subject her to an antisuit injunction, prohibiting her from filing any further cases in this Court without prior Court approval.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this order to plaintiff by mail, and to note the mailing on the docket.

SO ORDERED.

Digitally signed by
Brian M. Cogan
_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
       April 12, 2022